John C. SPURLOCK, Appellant,

v.

Gary JOHNSON and Mary Fosdick, Appellees.

No. 04–02–00290–CV.

Court of Appeals of Texas, San Antonio.

Oct. 2, 2002.

Rehearing Overruled Oct. 21 and Dec. 4, 2002.

---

John C. Spurlock, pro se.

J. Bradley Compere, Assistant Attorney General, Law Enforcement Defense Division, Austin, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

John C. Spurlock appeals the trial court's order dismissing his claims against Gary Johnson and Mary Fosdick as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. In his arguments, Spurlock contends that the trial court abused its discretion in dismissing his claims because: (1) Spurlock sufficiently alleged a cause of action against Johnson and Fosdick that would authorize relief; (2) Spurlock had filed an affidavit in compliance with section 14.004; and (3) the trial court was required to conduct an evidentiary hearing before dismissing his claims. We overrule Spurlock's contentions and affirm the trial court's order.

## BACKGROUND

On May 15, 2000, Spurlock filed his original petition against a fellow inmate, James Bright, contending that Bright defrauded him out of money during the course of Bright's representation of Spurlock in an unrelated lawsuit. On June 19, 2000, Spurlock filed the affidavit required by section 14.004. On November 29, 2001, Spurlock filed an amended petition to join Johnson and Fosdick as "third party" defendants. The petition alleged a conspiracy claim against Johnson and Fosdick for intentionally failing "to act/to stop a felony civil conspiracy to defraud the plaintiff," depriving him of equal protection of the law. The petition also alleged that Johnson and Fosdick promoted the commission of Bright's offense, citing several provisions of the Texas Penal Code.

Johnson and Fosdick filed a motion to dismiss Spurlock's claims against them and requested that the claims be dismissed and severed from all remaining pending claims. The motion asserted the following grounds for dismissal: (1) Spurlock failed to file the affidavit required by section 14.004; (2) the conspiracy claim against them was frivolous because: (a) Johnson and Fosdick were members of the same collective entity; (b) the petition failed to allege specific facts supporting the claim; (c) Spurlock failed to show the deprivation of a constitutional right; and (d) Spurlock failed to allege personal involvement by Johnson and Fosdick. The trial court granted the motion and dismissed the claims against Johnson and Fosdick.

## STANDARD OF REVIEW

We review a trial court's dismissal of an inmate's lawsuit as frivolous under an abuse of discretion standard. *Jackson v. Tex. Dept. of Crim. Justice—Inst'l Div.*, 28 S.W.3d 811, 813 (Tex.App.-Corpus Christi 2000, pet denied). In determining whether a claim is frivolous, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon Supp.2002). To establish an abuse of discretion, the inmate must show that the trial court's action was arbitrary or unreasonable or without reference to any guiding rules or principles. *Jackson*, 28 S.W.3d at 813.

## DISCUSSION

The record reflects that Spurlock filed the affidavit required by section 14.004 approximately one month after he filed his original petition. Johnson and Fosdick contend that the trial court could dismiss the underlying claims based on Spurlock's failure to file the affidavit at the same time he filed his original petition and affidavit of inability to pay costs. The purpose of requiring an inmate to file a

section 14.004 affidavit is to enable the trial court to determine, based on the previous filings, whether the pending lawsuit is frivolous because it is substantially similar to a prior claim filed by the inmate. *See Clark v. Unit,* 23 S.W.3d 420, 422 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Bell v. Texas Dept. of Crim. Justice—Inst'l Div.,* 962 S.W.2d 156, 158 (Tex. App.-Houston [14th Dist.] 1998, pet. denied). In this case, Spurlock's affidavit was filed before the motion to dismiss and before the trial court was required to make its determination of whether the pending lawsuit was substantially similar to a prior claim; therefore, the trial court's order cannot be affirmed based on the failure to file the affidavit.[1]

■ Spurlock also contends that he was entitled to an evidentiary hearing before the trial court ruled on the motion to dismiss. However, a trial court is not required to hold a hearing before dismissing a suit under section 14.003. *Thomas v. Bilby,* 40 S.W.3d 166, 168 (Tex.App.-Texarkana 2001, no pet.). When the trial court dismisses a claim without conducting a fact hearing, however, the issue on appeal is whether the claim had no arguable basis in law. *Martin v. Texas Bd. of Criminal Justice,* 60 S.W.3d 226, 229 (Tex.App.-Corpus Christi 2001, no pet.); *Sawyer v. Texas Dept. of Crim. Justice,* 983 S.W.2d 310, 311 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

■ To determine whether a trial court has properly determined that there is no arguable basis in law for a claim, "we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." [2] *Jackson,* 28 S.W.3d at 813. Spurlock relies on the Texas Penal Code to support his claim that Johnson and Fosdick are criminally responsible or parties to the offense allegedly committed by Bright. However, the Texas Penal Code does not create private causes of action; therefore, these allegations fail to state a viable claim for relief. *See Aguilar v. Chastain,* 923 S.W.2d 740, 745 (Tex. App.-Tyler 1996, writ denied). With regard to his conspiracy allegation, Spurlock was required to allege more than conclusory allegations and had to show specific facts that would support a meeting of the minds between Bright, Johnson and Fosdick. *See Wilson v. Budney,* 976 F.2d 957,

---

1. We note that the information provided in Spurlock's affidavit may have been misleading. Spurlock's affidavit references a pending case in De Witt County which was dismissed pursuant to Chapter 14 on September 28, 2001. *See Spurlock v. Scott,* No. 13–01–733–CV, 2002 WL 938164, at *1 (Tex.App.-Corpus Christi May 9, 2002, no pet.) (not designated for publication). Although the dismissal order had not been entered at the time Spurlock filed his affidavit, the appellate opinion indicates that Spurlock had asserted a claim for a conspiracy between Bright and prison officials to defraud Spurlock of the funds in his inmate account. *Id.* Had this claim been disclosed in Spurlock's affidavit as part of the operative facts for which relief was sought as required by section 14.004(a)(2)(A), the trial court would have been within its discretion in dismissing the lawsuit underlying this appeal on the basis that the asserted claims were substantially similar to the claims made in the De Witt lawsuit.

2. Spurlock has filed a motion for continuance claiming our record is not complete and requesting that the record be supplemented with four additional documents. Only one of the documents, a request for production of documents, is a pleading involving Johnson and Fosdick, and that request for production is contained in our record. Since we only examine the relief and causes of action that were pled in Spurlock's petition to resolve the complaint made on appeal, the requested supplementation is not relevant to the disposition of this appeal; therefore, appellant's motion is denied.

958 (5th Cir.1992) (dismissing claim based on conclusory allegations of conspiracy); *Hale v. Harney,* 786 F.2d 688, 689 (5th Cir.1986) (holding conclusory allegations cannot support conspiracy claim). Because Spurlock's petition only contains conclusory allegations, there is no arguable basis in law for his claim. *Denson v. T.D.C.J.-I.D.,* 63 S.W.3d 454, 463 (Tex. App.-Tyler 1999, pet. denied) (holding conclusory statements suggesting conspiracy are not enough to provide arguable basis in law for claim). Accordingly, the trial court did not abuse its discretion in dismissing Spurlock's claims against Johnson and Fosdick.

CONCLUSION

The trial court's order is affirmed.