NO. 07-05-0263-CR


 NO. 07-05-0264-CR

 NO. 07-05-0265-CR

 NO. 07-05-0266-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 24, 2006



______________________________




MIGUEL A. TIJERINA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 2004-407714, 2005-408363, 2005-408364 & 2005-408365; 



HONORABLE JIM BOB DARNELL, JUDGE


_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Following an open plea of guilty, appellant Miguel A. Tijerina was convicted of four
counts of burglary of a habitation and sentenced to 20 years confinement. In presenting
this appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record, and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, he
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court's judgment. Counsel has also shown that he sent a copy
of the brief to appellant and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of his right to review
the record and file a pro se response if he desired to do so. Appellant did not file a
response. Neither did the State favor us with a brief.

 By his Anders brief, counsel raises several grounds that could arguably support an
appeal. We have reviewed these grounds and made an independent review of the entire
record to determine whether there are any arguable grounds which might support an
appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). We have found no such grounds
and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motions to withdraw are hereby granted and the trial court's
judgments are affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



" Name="toc 9"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-11-0058-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

AUGUST 10, 2011

__________________________

 

LUIS
S. LAGAITE JR.,  

 

                                                                                         Appellant

v.

 

DR. JULITO
P. UY, et al.,

 

                                                                                         Appellees

__________________________

 

FROM THE 108th DISTRICT COURT OF POTTER COUNTY;

 

NO. 98,293-E; HONORABLE DOUGLAS R. WOODBURN, PRESIDING

__________________________

 

Opinion

__________________________

 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

            Luis S. Lagaite, Jr., a Texas
inmate, appeals from an order dismissing his civil cause after being found a
vexatious litigant and being denied the right to proceed as a pauper.  He contends that the trial court 1) erred by failing
to hold a hearing on his motion for a stay and bond, 2) abused its discretion,
and 3) erroneously dismissed his case in violation of his constitutional
rights.  We affirm.

Appellant filed a petition in forma pauperis seeking declaratory judgment on his
claim that appellees provided deliberately indifferent, inadequate and
negligent medical care in violation of his Eighth Amendment rights by
discontinuing his special diet and refusing to prescribe him specifically-requested
medications.  Appellees timely answered
and filed a motion to have appellant declared a vexatious litigant.  The trial court granted appellees motion on
September 13, 2010, and required appellant to furnish security for continuation
of the cause of action under §11.051 of
the Texas Civil Practice and Remedies Code by January 11, 2011.  It was not timely furnished, and the court
dismissed appellants claim as frivolous on January 25, 2011.  Appellant filed a motion for stay and a bond
on January 26, 2011; it was denied without a hearing.

            Failure
to Liberally Construe Petition 

Appellant
complains that the trial court abused its discretion in dismissing his
complaint.  The abuse arose when the
court allegedly failed to construe the factual allegations in his petition and
exhibits on record in the light favor [sic] to him.  We overrule the issue.

It is
true that the petitions of pro se litigants are to be construed liberally.  Lagaite v. Boland, 300 S.W.3d 911, 913 (Tex. App.Amarillo 2009, no pet.).  However, it remains incumbent upon the complainant to state a
viable cause of action.  Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex. App.Waco 2008, no pet.).  So too must the petition allege facts
within the cause of action.  Spurlock v. Johnson, 94 S.W.3d 655, 658
(Tex. App.San Antonio 2002, no pet.).  It is not enough to simply aver
conclusions.  Id.  

Here,
appellant sued because he 1) was not prescribed a specific medicine he thought
he needed to address a purported ear infection and 2) was denied a peanut
butter sandwich along with his meals to counteract his alleged hyper or hypoglycemia.   As for the supposed infection, he did not
contend that his caretakers were simply ignoring the condition or that it was
being untreated.  Indeed, allegations in
the petition illustrated that he was receiving treatment.  However, appellant believed it to be
deficient because it did not involve the prescription of a particular medicine
which he thought was better.   

As for
the purported glycemic condition, appellant acknowledged that his caretakers
were providing him, at one time, with a peanut butter sandwich with each meal
to combat it.  His complaint arose when
they stopped doing so.  Yet, he says
nothing about the food that he thereafter was being provided and whether it was
intended to address the matter.  Nor does
he assert that his caretakers were ignoring the condition or withholding any
and all potentially viable treatment for it. 
Instead, he simply wanted his peanut butter sandwich.

While it
is true that inmates are entitled to medical care, Thomas v. Harris County, 30 S.W.3d 51, 57 (Tex. App.Houston [1st Dist.] 2000, no pet.),
they are not entitled to the type of care they choose.  County
of El Paso v. Dorado, 180 S.W.3d 854, 868 (Tex. App.El Paso 2005, pet. denied). 
Furthermore, it is only when the caretakers are deliberately indifferent
to the medical needs of the inmate that a cause of action arises.  Id.
at 867.  Deliberate indifference involves
more than a disagreement about how best to treat a medical condition.  Rather, the caretakers must refuse to treat
him, ignore his medical condition, intentionally mistreat him or otherwise
engage in conduct evincing a wanton disregard for his serious medical
needs.  Id. at 867-68.  Being denied
a peanut butter sandwich with every meal as a treatment for hypo or hyperglycemia
or a specific antibiotic selected by the inmate to combat an ear infection are
allegations falling outside that realm, and appellant provided us with no authority
suggesting otherwise.  Thus, even if his
complaints were liberally construed, they do not aver a potentially viable
cause of action.[1] 

Equal
Protection

Appellant
next complains about being denied equal protection and suffering cruel and
unusual punishment because the trial court did not consider the merits of his
complaint before or along with addressing whether he was a vexatious
litigant.  We overrule the issue.

The
Eighth Amendment prohibition against cruel and unusual punishment pertains to
punishment after being convicted of a crime. 
Meadoux v. State, 325 S.W.3d
189, 193-94 (Tex. Crim. App. 2010).  
Considering whether an inmate, or anyone else who may be indigent and
entitled to proceed without paying costs of court or filing fees, has nothing
to do with punishment.  See
Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 941 (Tex. App.Fort
Worth 1997, pet. denied) (stating that the procedural rules governing inmate
litigation are not related to punishment or intended to punish but rather to
aid the court in determining whether a claim is frivolous).

Furthermore,
we cannot but acknowledge that the trial court did that which appellant
contends was denied him, i.e. considering the merits of the complaint before holding him to
be a vexatious litigant.  To be held such
a litigant, the trial court must find, among other things, that the plaintiff
has no reasonable probability of prevailing on the claim at issue.  Tex.
Civ. Prac. & Rem. Code Ann. §11.054(1)(A)-(C) (Vernon 2002).  Undertaking that inquiry implicitly requires
the trial court to preliminarily accept the factual assertions as true and
assess whether they comprise a viable cause of action.  So, appellant in fact received that which he
said was denied him. 

Motion
for a Stay and a Bond

Next, appellant contends that the trial court erred in
denying his motion for a stay and bond. 
We overrule the issue since the rules and statutes upon which he relies
did not entitle him to either.  

  The first mentioned
are Rules 24.1 and 24.4 of the Texas Rules of Appellate Procedure.  Rule 24 provides a means by which a judgment
debtor may suspend or supersede the enforcement of a judgment entered against
him.  Tex.
R. App. P. 24.1.  Appellant is not
such a debtor against whom a monetary judgment was awarded.   

Regarding his reference to chapter 14.003(c) of the Texas
Civil Practice and Remedies Code, that provision authorizes judges to hold
hearings when determining whether to dismiss an inmates civil suit.  It says nothing about stays or bonds.

As for appellants reference to Rule 5(B) 2(D), Rule 63, Rule
64, and Rule 195.6, he neglects to inform us of the particular code, rule,
statute, or body of writings wherein those rules appear.  And, if he meant to refer to those in either
the Texas Rules of Civil Procedure or Texas Rules of Appellate Procedure, none
involve bonds or stays.  

Having overruled each issue, we affirm the trial courts
order.  

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 











[1]The
reasons for overruling this issue also require us to overrule appellants
issues regarding whether the trial court abused its discretion in dismissing
his complaint as frivolous.