

## NUMBER 13-11-00698-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI ‐ EDINBURG

| | |
|---|---|
| **CARY A. WILKE,** | **Appellant,** |
| **v.** | |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE – C.I.D.,** | **Appellee.** |

### On appeal from the 24th District Court
### of DeWitt County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from a judgment dismissing appellant Carey A. Wilke's claim as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). By five issues, which we address together, Wilke argues that the trial court: (1) dismissed the case regardless of whether

there was an arguable basis in law or fact; (2) did not give him the opportunity to timely respond to the motion to dismiss; (3) dismissed the case despite the fact that five defendants had not filed answers; (4) improperly construed the case as a suit of liberty interest rather than property interest; and (5) failed to hear the merits of the case. We affirm.

## I. BACKGROUND

Wilke filed his pro se lawsuit complaining that correctional officers with appellee, the Texas Department of Criminal Justice—C.I.D., confiscated eight small maps of the continental United States that had been torn from an appointment book, as well as a map of Fredericksburg, Texas. Wilke was found guilty of possession of contraband that resulted in a reprimand. In his petition for judicial review, Wilke sought a declaratory judgment exonerating him from what he termed a "false conviction and expunction of this case from his records by both Unit and State Classifications since this charge has the potential to adversely affect his parole." He also asked for attorney's fees and costs, but did not seek reimbursement for the items confiscated.

## II. STANDARD OF REVIEW

We review a dismissal of an inmate's action as frivolous under an abuse of discretion standard. *Spurlock v. Johnson*, 94 S.W.3d 655, 657 (Tex. App.—San Antonio 2002, no pet.). To establish that the trial court abused its discretion, the complaining party must show that the court acted without reference to any guiding rules and principles. *Id.* In determining whether an inmate's claim is frivolous, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has

no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.  *Id.; see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).  We review de novo the legal question of whether there was an arguable basis in law for the claim.  *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994); *Leachman v. Dretke*, 261 S.W.3d 297, 303, 304 (Tex. App.—Fort Worth 2008, no pet.). In reviewing the dismissal, we take as true the allegations in the original petition. *Harrison v. Tex. Dep't of Crim. Justice*, 915 S.W.2d 882, 888 (Tex. App.—Houston [1st Dist.] 1995, no writ).

### III.  ANALYSIS

Wilke first argues that there was insufficient evidence to support his disciplinary reprimand, which deprived him of due process.  Wilke's reprimand, however, did not trigger the due process clause.  In *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that such things as commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns.  "They are penalties which do not represent the type of a typical, significant deprivation in which a state might create a liberty interest."  *Id.* Likewise, disciplinary sanctions such as reprimands or a reduction in class are merely changes in conditions of confinement and do not implicate due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000) (holding that, although a reduction in class reduces the amount of good conduct time an inmate can earn, an inmate does not have a constitutional right to a particular time-earning status); *Madison*, 104 F.3d at 768

3

(commissary restrictions); *Decker v. Dunbar*, 633 F.Supp.2d 317, 353–54 (E.D. Tex. 2008) (commissary and recreation restrictions, and verbal reprimands). "Inmates have no protectable property or liberty interest in custodial classifications." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Thus, there was no arguable basis for his claim.

Wilke also argues that appellee denied his step two grievance. However, the case law is clear that he has no protected liberty interest in having grievances resolved to his satisfaction. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005).

Wilke also argues that the trial court erred in dismissing his lawsuit without a hearing, without his response, and without service on all parties. A trial court may dismiss an inmate's case under chapter 14 without holding a hearing if the claim is "on an indisputably meritless legal theory." *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Wilke's claims, as set forth above, are based on meritless legal theories. Thus, the trial court did not err in dismissing his case. We overrule all of Wilke's issues.

## IV. CONCLUSION

The trial court's order of dismissal is affirmed.


ROSE VELA
Justice

Delivered and filed the
19th day of July, 2012.

4