ACCEPTED
03-15-00280-CV
5703544
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 8:03:12 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-15-00280-CV

# In the Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 8:03:12 PM
JEFFREY D. KYLE
Clerk

MICHAEL J. DELITTA
*Appellant*

v.

NANCY SCHAEFER
*Appellee*

Appeal from the 201st Judicial District Court
Travis County, Texas; Cause No. D-1-GN-13-003516

## APPELLANT'S BRIEF

**DRUCKER | HOPKINS LLP**
Douglas R. Drucker
Texas Bar No. 06136100
Kirby D. Hopkins
Texas Bar No. 24034488
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380
281.362.2863 (phone)
855.558.1745 (fax)
drucker@druckerhopkins.com (email)
hopkins@druckerhopkins.com (email)

ATTORNEYS FOR APPELLANT
MICHAEL J. DELITTA

## Identity of Parties and Counsel

Pursuant to Texas Rule of Appellate Procedure 38.1, Appellant submits the following designation of parties and counsel, and trial court:

| | |
|---|---|
| **APPELLANT:** | Michael J. DeLitta<br>(Defendant in Underlying Suit) |
| **APPELLANT'S COUNSEL:** | Douglas R. Drucker<br>Kirby D. Hopkins<br>Drucker \| Hopkins LLP<br>21 Waterway Avenue, Suite 300<br>The Woodlands, Texas 77380 |
| **APPELLEE:** | Nancy Schaefer<br>(Plaintiff in Underlying Suit) |
| **APPELLEE'S COUNSEL:** | Lisa Bowlin Hobbs<br>Kurt Kuhn<br>Kuhn Hobbs PLLC<br>3307 Northland Drive, Suite 310<br>Austin, Texas 78731<br><br>Howard F. (Sam) Carter<br>The Carter Law Firm<br>14185 Dallas Parkway<br>Suite 1275<br>Dallas, Texas 75254<br><br>Donald Taylor<br>Taylor Dunham and Rodriguez, LLP<br>301 Congress Avenue<br>Suite 1050<br>Austin, Texas 78701 |

| | |
|---|---|
| **ADDITIONAL PARTIES:** | Jeff Compton<br>(Provisional Member and Limited-Receiver of Certain Defendants)<br>Axiom Medical Consulting, LLC,<br>Axiom Professionals, LLC, and<br>Axiom Properties, LLC |
| **ADDITIONAL PARTIES' COUNSEL:** | *For Provisional Member Jeff Compton and Axiom entities:*<br><br>Eric J. Taube<br>Hohmann, Taube & Summers, LLP<br>100 Congress Avenue<br>18th Floor<br>Austin, Texas 78701 |
| **TRIAL COURT:** | Honorable Orlinda Naranjo<br>201st Judicial District Court<br>Travis County, Texas |

# Table of Contents

Identity of Parties and Counsel ................................................................2

Table of Contents .....................................................................................4

Table of Authorities..................................................................................6

Codes and Regulations .............................................................................8

Statement of the Case...............................................................................9

Statement regarding Oral Argument.......................................................10

Issues Presented......................................................................................11

Issue: Did the trial court abuse its discretion in granting the Temporary Injunction on April 22, 2015?...............................................................11

Statement of Facts...................................................................................12

Summary of Argument.............................................................................14

Argument ................................................................................................15

**The trial court abused its discretion in granting the Temporary Injunction on April 22, 2015.** ............................................... 15

1. *Appellee Schaefer lacks standing and failed to assert a viable cause of action.*.............................................................................. 16

2. *Appellee Schaefer failed to demonstrate a probable right of recovery*...............................................................................................18

3. *There is no probable, imminent threat of irreparable harm. Appellee Schaefer unreasonable delayed in asserting this request. A temporary Injunction is not necessary to maintain the status quo here*..............................................................................................21

Conclusion...............................................................................................24

Prayer .....................................................................................................24

Certificate of Compliance ........................................................ 25

Certificate of Service........................................................... 26

Appendix ...................................................................... 27

# Table of Authorities
## Cases

Page(s)

*BUTNARU V. FORD MOTOR CO.,*
84 S.W.3d 198, 203, 205, 208 (Tex. 2002)........................................15, 16

*STATE V. SOUTHWESTERN BELL TEL. CO.,*
526 S.W.2d 526, 528 (Tex. 1975) (orig. proceeding).............................15

*TOM JAMES OF DALLAS INC. V. COBB,*
109 S.W.3d 877, 882 (Tex. App.—Dallas 2002, no pet.)...................15, 16

*WALKER V. PACKER,*
827 S.W.2d 833, 840 (Tex. 1992) ........................................................15

*VALENZUELA V. AQUINO,*
853 S.W.2d 512, 513 (Tex. 1993)............................................................16

*DAVIS V. HENDRICK AUTOGUARD, INC.,*
294 S.W.3d 835, 838 (Tex. App. Dallas—2009, no pet.)...................17, 18

*SPURLOCK V. JOHNSON,*
94 S.W.3d 655, 657 (Tex. App.–San Antonio 2002, no pet.)...................18

*AGUILAR V. CHASTAIN,*
923 S.W.2d 740, 745 (Tex. App.–Tyler 1996, writ denied).....................18

*FOX V. TROPICAL WAREHOUSE, INC.,*
121 S.W.3d 853, 861 (Tex. App.–Ft. Worth 2003, no pet.)...............22, 23

*JORDAN V. LANDRY'S SEAFOOD REST., INC.*
89 S.W.3d 737, 742
(Tex. App.–Houston [1st Dist.] 2002, pet. denied)................................23

*JONES V. JEFFERSON CTY.,*
15 S.W.3d 206, 213 (Tex. App.–Texarkana 2002, pet. denied) ..............23

*MATRIX NETWORK, INC. V. GINN.,*
211 S.W.3d 944, 947-48 (Tex. App.—Dallas 2007, no pet.)...................23

*EMSL ANALYTICAL INC. V. YOUNKER,*
154 S.W.3d 693, 697
(Tex. App.—Houston [14th Dist.] 2004, no pet.)....................................23

## Codes and Regulations

*TEX. OCC. CODE*
Section 101.204 ................................................................................16, 17

*TEX. OCC. CODE*
Section 204.302 ................................................................................16, 17

*TEX. OCC. CODE*
Section 1304.202 ...................................................................................17

*TEX. PENAL CODE*
Section 32.52 ................................................................................17, 18, 19

## Statement of the Case

Appellee Schaefer filed this lawsuit on October 9, 2013.[1] The case is a dispute between 50-50 owners of Defendants Axiom Medical Consulting, LLC, Axiom Professionals, LLC, and Axiom Properties, LLC (the Axiom entities). This case is presently set for trial on the merits on October 26, 2015.

On December 12, 2014, Schaefer filed a Verified Application for Temporary Injunction seeking to prohibit DeLitta from representing himself as a Medical Doctor.[2]  The temporary injunction hearing was held on April 15, 2015 before the Honorable Judge Orlinda Naranjo.

Judge Naranjo entered a Temporary Injunction Order on April 22, 2015.[3] In the order, it is written that May 22, 2015 is the date signed and entered, but the correct date is actually April 22, 2015. *See* CLERK'S FILE STAMP. [4]

DeLitta gave Notice of Appeal from this Temporary Injunction Order on May 11, 2015.[5]

---

[1] Plaintiff's Original Petition and Application for Temporary Injunction.  C.R. pages 3-114.
[2] Plaintiff's Verified Application for Temporary and Permanent Injunction pages. C.R. pages 323-359.
[3] Temporary Injunction Order.  C.R. pages 624-631.
[4] Temporary Injunction Order.  C.R. pages 624-631.
[5] Defendant's Notice of Accelerated Appeal.  C.R. pages 642-645.

# Statement regarding Oral Argument

Appellant is not requesting oral argument.

## Issues Presented

Issue: Did the trial court abuse its discretion in granting the Temporary Injunction on April 22, 2015?

## Statement of Facts

Schaefer-Appellee and DeLitta-Appellant are each 50% members of the Axiom entities. While Schaefer remains a 50% member, she was terminated as Vice-President by DeLitta on September 23, 2013. DeLitta was President then, and still is.

Schaefer filed suit against DeLitta, the Axiom entities, and another entity that DeLitta owned (Delcom Properties, LLC) on October 9, 2013.[6] DeLitta and Schaefer had worked together in the Axiom entities' business since 2001.[7]

On December 12, 2014, Schaefer filed her Verified Application for Temporary Injunction from representing himself as a medical doctor.[8] Schaefer did not set a hearing on its application for Temporary Injunction until April 15, 2015. At the April 15, 2015 hearing, DeLitta and Schaefer both testified.[9] Schaefer presented one other witness, Shane Enoch.[10] DeLitta presented two other witnesses Kristi Loritz and Meredith Sloam.[11] Exhibits were also offered and admitted into

---

[6] C.R. 3-114.
[7] R.R. Volume 2, P65 L25 – P66 L2.
[8] C.R. 323-359.
[9] R.R. Volume 2, pages 45-80 (DeLitta), pages 84-98 (Schaefer).
[10] R.R. Volume 2, pages 23-36.
[11] R.R. Volume 2, pages 99-102 (Loritz), pages 104-106 (Sloam).

evidence. [12, 13]  On April 22, 2015, the Temporary Injunction Order was entered.[14]  DeLitta gave Notice of Appeal on May 11, 2015.  The Reporter's Record was filed on May 21, 2015 and the Clerks Record filed on May 20, 2015.

---

[12] Plaintiff's Exhibits 1-12.  R.R. Volume 3.  Defendant's Exhibits 1, 4, 20, 21, and 24. R.R. Volume 3.
[13] Affidavits of fact witness attached to the Verified Application for Temporary Injunction are not evidence, but inadmissible hearsay, and were not admitted.
[14] C.R. 624-631.

## Summary of the Argument

Schaefer's Application for a Temporary Injunction to prohibit DeLitta from representing himself as a medical doctor is based on two sections of the Texas Occupational Code and one section of the Texas Penal Code.

The Temporary Injunction should be reversed and rendered as denied and dissolved because Schaefer failed to establish that she has a probable right of recovery. The foregoing code sections, upon which the application for temporary injunction is based, do not create or allow a private civil cause of action. Also, even if the code sections did apply, Schaefer has failed to prove one or more necessary elements to be entitled to any injunctive relief.

Furthermore, Schaefer unreasonable delayed in asserting this claim. Although suit was filed on October 9, 2013,[15] Schaefer waited until December 12, 2014, over a year later, to file this Application for Temporary Injunction. And then, she did not set it for hearing until April 15, 2015. The conduct complained of was known for many years. Schaefer's evidence of the threat of imminent irreparable harm amounts

---

[15] Plaintiff's Original Petition. C.R. pages 3-114.

to only her fear and apprehension of harm to the Axiom entities. This is speculative and not sufficient to support a temporary injunction. Thus, a temporary injunction is not needed to maintain the status quo here.

## Argument and Authorities

### The trial court abused its discretion in granting the Temporary Injunction on April 22, 2015.

Appellate review of the temporary injunction is limited to whether the trial court clearly abused its discretion *Butnaru v. Ford Motor Co.* 84 S. W.3d 198, 205 (Tex. 2002). The trial court abuses its discretion when it misapplies the law to established facts, or when it concludes that there is a probable right of recovery or a probable, imminent, irreparable harm, and those conclusions are not reasonably supported by the evidence. *Butnaru* 84 S.W.3d 198, 203, 208; *State v. Southwestern Bell Tel. Co.* 526 S. W. 2d 526, 528 (Tex. 1975). The appellate court may review de novo any determinations of law the trial court made in support of the temporary injunction order. *Tom James of Dallas vs. Cobb* 109 S. W. 3d 377, 883 (Tex. App.–Dallas 2003, no pet.); *see Walker v. Packer* 827 S.W. 2d 833, 840 (Tex. 1992) (orig. proceeding).

The purpose of a temporary injunction is to preserve the status quo pending trial on the merits. A temporary injunction is an extraordinary

remedy and does not issue as a matter of right. *Butnaru* 84 S.W. 3d at 203. To obtain a temporary injunction the applicant must **plead** and **prove** (i) a cause of action against the defendant (ii) a probable right that it will recover on the relief sought at final trial on the merits and (iii) a probable, imminent and irreparable injury in the interim. *Butnaru* 84 S.W.3d 198 at 203; *Tom James* 109 S.W. 3d at 882. A viable cause of action recognized under Texas law for the conduct complained of must be pled. *Valenzuela v. Aquino* 853 S.W. 2d 512, 513 (Tex. 1993) (because Texas has no cause of action for negligent infliction of emotional distress trial court could not enjoin).

1. *Appellee Schaefer lacks standing and failed to assert a viable cause of action.*

The legal basis for Schaefer's Application for Temporary Injunction to enjoin DeLitta from representing himself as a Medical Doctor (filed on December 12, 2014) is stated to be "*a violation of Mr. DeLitta's obligations under the Physician's Licensing Act, and a violation of a specific criminal statute*"[16] – namely, Section 101.204 of the TEX. OCC. CODE, Section 204.302 (3), (4) and (8) of the TEX. OCC.

---

[16] Plaintiff's Verified Application for Temporary and Permanent Injunction. C.R. pages 323-359 at 324.

CODE, and Section 32.52 of the TEX. PENAL CODE.[17] (emphasis added). Yet, Schaefer lacks standing,[18] as no private civil cause of action exists under the foregoing code provisions.

Section 101.204 of the TEX. OCC. CODE sets forth the available remedies and specifically states *"A violation of Section 101.201 does not create a private cause of action." See* Section 101.204 (c). (emphasis added). And Section 204.302 of the TEX. OCC. CODE is predicated on the statement, *"The physician assistant board may take action under Section 204.302 against an applicant or license holder who*: . . . ," and then enumerates the prohibited conduct including the conduct referenced in Section 101.201. (emphasis added). These sections simply do not provide for an individual private cause of action. *Davis v. Hendrick Autoguard Inc.*, 294 S.W.3d 835, 838 (Tex. App.—Dallas 2009, no pet.) (holding that, where it is stated to be the responsibility of executive director of Texas Department of Licensing and Regulation and commission to enforce provisions of TEX. OCC. CODE Section 1304.202,

---

[17] Plaintiff's Verified Application for Temporary and Permanent Injunction. C.R. pages 323-359 at 325 and 326.
[18] R.R. Volume 2, P10 L21-P12 L21 ( specifically, P11 L12-14), P16 L 5-20, P118 L13-25.

that language gives only the administrative agencies the power to enforce, and a private right of action is not created).

Similarly, Section 32.52 of the Texas Penal Code does not create a civil cause of action. Generally, the Texas Penal Code does not create a private causes of action. *Spurlock v. Johnson*, 94 S.W.3d 655, 657 (Tex. App.–San Antonio 2002, no pet.) (citing *Aguilar v. Chastain* 923 S.W.2d. 740, 745 (Tex. App.–Tyler 1996, writ denied)).

### 2. *Appellee Schaefer failed to demonstrate a probable right of recovery.*

Section 32.52 of the Texas Penal Code sets forth the elements of the alleged offense. And Section 32.52 (b) Texas Penal Code requires proof the person knows they have a fraudulent, fictitious or revoked degree.

Here, there is no finding DeLitta's Ph.D. is fictitious, fraudulent, or has been revoked. The court's finding is that DeLitta has a Ph.D. from Newport University.[19, 20] It is common knowledge that Ph.D.'s are

---

[19] C.R. 624-631 (Finding No. 5, "DeLitta has a Ph.D in Psychology from Newport University.").

[20] The Newport University that DeLitta has a Ph.D. from is Newport University of Newport, California, which later changed its name to Janus University in 2011 (R.R. Volume 3, Defendant's Exhibit 1; DeLitta testimony, R.R. P61, L14 – P63, L3). It is not the Newport University of Hawaii and Lebanon referred to by Schaefer (R.R. Volume 3, Defendant's Exhibit 24). Neither Newport University of Newport,

routinely referred to, or refer to themselves, as Dr. or Doctor, as Schaefer's witness conceded.[21] The degree he obtained is a Doctorate.[22] And DeLitta admits he was not a medical doctor, M.D.

Section 32.52 (2) (A) also requires proof that the person *"uses the degree or claims to hold the degree in a written or oral advertisement or other promotion of a business as a necessary element of the offense."* (emphasis added).

But DeLitta never used the title Medical Doctor or M.D., either verbally or in any written advertisement or other promotion of the business. Axiom business advertisements, promotional material, and all e-mails or correspondence admitted into evidence refer only to DeLitta, Dr. DeLitta, or Mike DeLitta Ph.D., P.A.[23] None state that DeLitta is a medical doctor or M.D.

As background, DeLitta, in addition to earning his Ph.D., is a licensed physician's assistant with a physician's assistant degree from UCLA Medical School.[24] And there is no dispute that DeLitta is a

---

California nor Janus are listed in Defendant's Exhibit 24 (R.R. Volume 3) as being unauthorized degrees for use in the State of Texas.

[21] R.R. Volume 2, P40 L3-7.

[22] Plaintiff's Exhibit 6. R.R. Volume 3.

[23] Defendant's Exhibits 1, 2, 3 4, 5, and 21, R.R. Volume 3; R.R. Volume 2, P53 L3-L21.

[24] DeLitta testimony. R.R. Volume 2 P60 L19-L25.

properly licensed and degreed physician's assistant. DeLitta was formerly the Medical Director at Atlantic Richfield Corp. (ARCO) based in California.[25] At Axiom Medical Consulting, DeLitta has a supervising physician — Nora Hart who is a medical doctor.[26] In sum, DeLitta is the CEO and President of the Axiom entities – with Ph.D. and P.A. degrees, but he is not a medical doctor.

The only witness called by Schaefer (other than herself) was Shane Enoch, a former employee that had been terminated by Axiom.[27] He worked from his home in Oklahoma as a nurse. While he said he subjectively thought DeLitta was a medical doctor, he conceded that he was never told that, nor was he ever instructed to call DeLitta a Medical Doctor or M.D.[28] Appellant's witnesses – Kristie Loritz, a nursing supervisor, and Meredith Sloam, a long-time office employee – both testified that DeLitta (i) never told them to tell employees or customers

---

[25] DeLitta testimony. R.R. Volume 2 P59 L18-L24.
[26] DeLitta testimony. R.R. Volume 2 P61 L5-L10.
[27] Enoch testimony. R.R. Volume 2 P36 L19-L21.
[28] Enoch testimony. R.R. Volume 2 P36 L14-L18.

that he was a medical doctor and (ii) never referred to himself as such.[29]

Both knew that he was not a medical doctor.[30]

There was a credit card that Schaefer referenced that has MD after DeLitta's name. But it is a personal credit card not regularly used in the business.[31] On the stand, DeLitta explained that this was a mistake by the issuing bank, as he had checked a box on the application that said doctor.[32] This is supported by the fact that DeLitta's other credit cards do not have that designation.[33] The vanity license plate that Schaefer referenced – "occ doc" – is on DeLitta's wife's personal car. [34]

In sum, no evidence was presented by Schaefer (i) that either was used in any advertisement or other promotion of the business or (ii) of any damage or potential damage to the Axiom entities.

> 3. *There is no probable, imminent threat of irreparable harm. Appellee Schaefer unreasonable delayed in asserting this request. And a temporary injunction is not necessary to maintain the status quo here.*

---

[29] Loritz testimony.  R.R.  Volume 2 P101 L17-L23.  Sloam testimony.  R.R. Volume 2 P106 L8-L14.

[30] Loritz testimony.  R.R.  Volume 2 P101 L24-P102 L3.  Sloam testimony R.R. Volume 2 P106 L15-L17.

[31] DeLitta testimony.  R.R. Volume 2 P62 L12-L15.

[32] DeLitta testimony.  R.R Volume 2, P63 L8-L16.

[33] Defendant's Exhibit 20. R.R. Volume 3.

[34] DeLitta testimony.  R.R. Volume 2, P55 L11-P56 L2.

Although their lawsuit was filed on October 9, 2013, Schaefer did not file this Application for Temporary Injunction until December 12, 2014 and did not set it for a hearing until April 15, 2015. Schaefer was aware of the alleged facts giving rise to her complaint for many years – she's worked at Axiom since 2001[35] and abandoned the issue in 2010.[36] In fact, back on October 17, 2013, one of her advisors – Carol Stryker – suggested that raising this precise issue may be a way to apply pressure in the litigation (about 18 months before the trial court's hearing on the issue).[37] Such a long delay in bringing the issue before the trial court shows by itself that there is no imminent threat of irreparable harm here. Without imminence and irreparability, injunctive relief should not have been granted.

Further, Schaefer has presented no evidence that there is any imminent threat or any irreparable harm. Schaefer's testimony is that she has a fear or apprehension of the possibility of an injury.[38] Fear and apprehension of injury is speculative and not sufficient to support a temporary injunction. *Fox v. Tropical Warehouse, Inc.* 121 S.W.3d 853,

---

[35] R.R. Volume 2, P65 L25 – P66 L2.
[36] Defendant's Exhibit 21 (November 18, 2010 Emails to/from Schaefer and Delitta). R.R. Volume 3.
[37] Defendant's Exhibit 23. R.R. Volume 3.
[38] Schaefer testimony. R.R. Volume 2, P91 L21 – P92 L7.

861 (Tex. App.–Fort Worth 2003, no pet.); *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 742 (Tex. App.–Houston [1st Dist.] 2002, pet. denied) (op on reh'g); *Jones v. Jefferson Cty.* 15 S.W. 3d. 206, 213 (Tex. App.—Texarkana 2000, pet. denied); *see Matrix Network, Inc. v. Ginn* 211 S.W.3d 944, 947-48 (Tex. App.—Dallas 2007, no pet.); *EMSL Analytical Inc. v. Younker* 154 S.W. 3d 693, 697 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

The delay, which shows acquiescence and works as a waiver, and lack of any evidence of harm here both show that injunctive relief was granted in error. Moreover, the injunctive relief granted interrupts, rather than maintains, the status quo. As it stands, defendant DeLitta, although having a Ph.D., cannot use the title he earned, even though there is no credible evidence in the record that he held himself out as a medical doctor.

# Conclusion

Appellee Schaefer failed to both plead and prove a viable cause of action. Assuming a private cause of action even existed under the cited code provisions, Schaefer failed to prove all the necessary elements. Schaefer also failed to demonstrate an imminent threat of irreparable harm, or need to maintain the status quo.

## Prayer

Appellant requests that the April 22, 2015 Temporary Injunction Order be reversed and rendered as denied and dissolved.

Respectfully submitted,

**DRUCKER | HOPKINS LLP**
*/s/ Douglas R. Drucker*
Douglas R. Drucker
Texas Bar No. 06136100
Kirby D. Hopkins
Texas Bar No. 24034488
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380
281.362.2863 (phone)
855.558.1745 (fax)
drucker@druckerhopkins.com (email)
hopkins@druckerhopkins.com (email)
ATTORNEYS FOR
DEFENDANT/APPELLANT
MICHAEL J. DELITTA

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the number of words in this computer-generated document (according to the Word program's word count function)—excluding the captions, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, signature, proof of service, certification, certificate of compliance, and appendix—is 2,005 (text) and 385 (footnotes), for a total of 2,385.

Date: June 12, 2015                    */s/ Douglas R. Drucker*
                                       Douglas R. Drucker

## Certificate of Service

Per Texas Rules of Appellate Procedure 6 and 9.5, I certify that I have served this document on all other parties on June 12, 2015 as follows:

Howard F. Carter                                    *via Electronic-filing*
The Carter Law Firm
14185 Dallas Parkway, Suite 1275
Dallas, Texas 75254
COUNSEL FOR PLAINTIFF NANCY SHAEFER


Donald Taylor                                       *via Electronic-filing*
Taylor Dunham & Rodriguez, LLP
301 Congress Avenue, Suite 1050
Austin, Texas 78701
COUNSEL FOR PLAINTIFF NANCY SHAEFER


Lisa Bowlin Hobbs                                   *via Electronic-filing*
Kurt Kuhn
Kuhn Hobbs PLLC
3307 Northland Drive, Suite 310
Austin, Texas 78731
COUNSEL FOR PLAINTIFF NANCY SCHAEFER


Eric J. Taube                                       *via Electronic-filing*
Hohmann, Taube & Summers LLP
100 Congress Avenue
18th Floor
Austin, Texas 78701
COUNSEL FOR PROVISIONAL MEMBER JEFF COMPTON OF CERTAIN
    DEFENDANTS, AND OF CERTAIN DEFENDANTS


Date: June 12, 2015              */s/ Douglas R. Drucker*
                                 Douglas R. Drucker

# Appendix

The following constitutes the Appendix as required by Texas Rules of Appellate Procedure 38.1(k):

| | |
|---|---|
| **Appendix A:** | Temporary Injunction Order signed by Judge Orlinda Naranjo |
| **Appendix B:** | TEX. OCC. CODE Section 204.302<br><br>TEX. OCC. CODE Section 101.204<br><br>TEX. OCC. CODE Section 1304.202<br><br>TEX. PENAL CODE Section 32.52 |

# APPENDIX A

CAUSE NO. D-1-GN-13-003516

| | | |
|---|---|---|
| NANCY SCHAEFER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MICHAEL J. DELITTA, | § | TRAVIS COUNTY, TEXAS |
| AXIOM MEDICAL CONSULTING, | § | |
| LLC, AXIOM PROFESSIONALS, | § | |
| LLC, AXIOM PROPERTIES, LLC, | § | |
| DELCOM PROPERTIES, LLC, | § | |
| | § | |
| Defendants. | § | 201ˢᵗ JUDICIAL DISTRICT |
| | § | |

## TEMPORARY INJUNCTION

On April 15, 2015, this Court considered Plaintiff's Verified Application for Temporary and Permanent Injunction to Enjoin Michael J. DeLitta ("DeLitta") from Misrepresenting Himself as a Medical Doctor.

After having reviewed the pleadings on file, after having heard the arguments of counsel and testimony from witnesses, the Court finds that Plaintiff's verified application for temporary injunction should be granted.

The Court finds that:

1. DeLitta is not a medical doctor.

2. DeLitta serves as President and CEO of Axiom Medical Consulting, LLC ("Axiom").

3. Axiom provides medical consulting services and advertises that it "employs Doctors, Physician Assistants, Registered Nurses, an a specially trained staff to provide a full suite of

medical management services, ranging from work-related injury case management to a multitude of customizable exam programs."

4. DeLitta is a licensed physician assistant.

5. DeLitta has a Ph.D in Psychology from Newport University.

6. Axiom's company brochures and website to refer to DeLitta as "Dr. Michael J. DeLitta."

7. DeLitta has referred to himself as a "doctor" and uses the titles "Doctor" and/or "Dr." in the course of his work for Axiom.

8. DeLitta has a license plate that reads "OCC DOC" which refers to being an Occupational Doctor.

9. DeLitta has had a credit card with the term "M.D." after his name.

10. DeLitta uses the title "Doctor" and/or "Dr.", both orally and in writing, including in e-mails and letters to Axiom employees and Axiom customers.

11. DeLitta answers and responds to the title "Doctor" when the circumstances make it obvious that the person addressing him believes that he is a medical doctor, and that DeLitta never corrects or clarifies the misunderstanding.

12. Because Axiom is a medical consulting company and provides medical advice, there is a substantial likelihood that DeLitta's use of the "Dr." title could mislead others into believing that he is a medical doctor.

13. DeLitta's conduct is causing immediate and irreparable harm to Axiom's reputation and may subject Axiom to civil and criminal liability thereby diminishing its value and causing damages that are not quantifiable.

14. Plaintiff has demonstrated a viable cause of action against DeLitta.

15. Plaintiff has demonstrated a probable right to the relief sought.

16. Plaintiff has demonstrated a probable immediate and irreparable injury in the interim that cannot be compensated by money damages for which there is no adequate remedy at law.

17. If DeLitta's conduct is not enjoined, his conduct will cause immediate and irreparable injury to Axiom's reputation, not only with its customers and employees but also within the medical industry, and makes it a party to false advertising and complicit in DeLitta's wrongful conduct.

IT IS THEREFORE, ORDERED, that Defendant MICHAEL J. DELITTA and his officers, agents, servants, employees, representatives, affiliates, subsidiaries, assigns, attorneys and all those in active participation with them, who receive notice of this temporary injunction, shall be enjoined, either directly or indirectly, from:

a) using the title "Doctor," "Dr.," or M.D. or otherwise misleading people into believing that he is a medical doctor in any context;

b) using the title "Doctor", "Dr.", "M.D." or otherwise misleading people into believing that he is a medical doctor while performing any duties or functions for Axiom;

c) removing any reference to the term "Dr." or "M.D." from Axiom marketing material including its website;

d) advising Axiom employees and staff to refer to him as "Dr.";

e) prohibiting him from continuing to be listed on Axiom credit cards and bank statements as "Dr.".

IT IS FURTHER, ORDERED, that a final trial shall be heard on the __6__ day of __May__, 20 __15__, at __9.00__ o'clock __a__.m. in the Courtroom of __201__ Judicial Court of Travis County, Texas, and that Defendants shall then and there show cause why, if any, a Permanent Injunction should not be issued as requested by Plaintiff.

IT IS FURTHER, ORDERED, Plaintiff shall post bond in the amount of $1,000.

SIGNED this __22__ day of __May__, 2015 at __9.35__ o'clock __A__.m.

By: _____
HONORABLE JUDGE PRESIDING

Temporary Injunction Enjoining Michael J. DeLitta
From Misrepresenting Himself as Medical Doctor

**AGREED AS TO FORM:**

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Avenue, Suite 1050
Austin, Texas 78701
Telephone: (512) 473-2257
Facsimile: (512) 478-4409

By: _____
        Donald R. Taylor
        State Bar No. 19688800
        dtaylor@taylordunham.com

        Of Counsel Stacey Reese
        State Bar No. 24056188
        stacey@reeselawpractice.com

**HOWARD F. CARTER, JR., P.C.**
Attorneys & Counselors
Howard F. Carter, Jr.
State Bar No. 03916500
5600 Tennyson Parkway, Suite 160
Plano, Texas 75024
Telephone: (972) 455-2001
Facsimile: (972) 455-2015
Email: sam@scarterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Temporary Injunction Enjoining Michael J. DeLitta
From Misrepresenting Himself as Medical Doctor

**DRUCKER HOPKINS, LLP**
Douglas R. Drucker
Kirby Hopkins
21 Waterway Avenue, Suite 300
The Woodlands, TX 77380
Telephone: (281) 362-2863
Facsimile: (855) 558-1745

By: _____
    Douglas R. Drucker
    State Bar No. 24034488
    Kirby Hopkins
    State Bar No. 24034488

**HOWRY BREEN & HERMAN, LLP**
Timothy J. Herman
State Bar No. 09513700
James Hatchitt
State Bar No. 24072478
1900 Pearl Street
Austin, Texas 78705
Telephone: (512) 474-7300
Facsimile: (512) 474-8557

**ATTORNEYS FOR DEFENDANTS
MICHAEL J. DELITTA, AXIOM
MEDICAL CONSULTING, LLC,
AXIOM PROFESSIONAL, LLC,
AXIOM PROPERTIES, LLC, AND
DELCOM PROPERTIES, LLC**

Temporary Injunction Enjoining Michael J. DeLitta
From Misrepresenting Himself as Medical Doctor

# APPENDIX B

Vernon's Texas Statutes and Codes Annotated
  Occupations Code (Refs & Annos)
    Title 3. Health Professions
      Subtitle C. Other Professions Performing Medical Procedures
        Chapter 204. Physician Assistants (Refs & Annos)
          Subchapter G. Disciplinary Proceedings

V.T.C.A., Occupations Code § 204.302

§ 204.302. Conduct Related to Fraud or Misrepresentation

Currentness

The physician assistant board may take action under Section 204.301 against an applicant or license holder who:

(1) fraudulently or deceptively obtains or attempts to obtain a license;

(2) fraudulently or deceptively uses a license;

(3) falsely represents that the person is a physician;

(4) acts in an unprofessional or dishonorable manner that is likely to deceive, defraud, or injure the public;

(5) fraudulently alters a physician assistant license, certificate, or diploma;

(6) uses a physician assistant license, certificate, or diploma that has been fraudulently purchased, issued, or counterfeited or that has been materially altered;

(7) directly or indirectly aids or abets a person not licensed to practice as a physician assistant in practicing as a physician assistant; or

(8) unlawfully advertises in a false, misleading, or deceptive manner, as described by Section 101.201.

**Credits**
Acts 1999, 76th Leg., ch. 388, § 1, eff. Sept. 1, 1999.

V. T. C. A., Occupations Code § 204.302, TX OCC § 204.302
Current through Chapters effective immediately through Chapter 2 of the 2015 Regular Session of the 84th Legislature

End of Document          © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Occupations Code (Refs & Annos)
    Title 3. Health Professions
      Subtitle A. Provisions Applying to Health Professions Generally
        Chapter 101. Health Professions Council
          Subchapter E. Grounds for License Revocation or Denial

V.T.C.A., Occupations Code § 101.204

§ 101.204. Remedies

Currentness

(a) A violation of this subchapter is subject to action by the appropriate health licensing agency as a ground for revocation or denial of a license.

(b) A violation of Section 101.201 is grounds for action under Section 17.47, 17.58, 17.60, or 17.61, Business & Commerce Code, by the consumer protection division of the office of the attorney general.

(c) A violation of Section 101.201 does not create a private cause of action, including an action for breach of warranty or for an implied contract or warranty for good and workmanlike service.

**Credits**
Acts 1999, 76th Leg., ch. 388, § 1, eff. Sept. 1, 1999.

V. T. C. A., Occupations Code § 101.204, TX OCC § 101.204
Current through Chapters effective immediately through Chapter 2 of the 2015 Regular Session of the 84th Legislature

---

End of Document
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Occupations Code (Refs & Annos)
    Title 8. Regulation of Environmental and Industrial Trades (Refs & Annos)
      Chapter 1304. Service Contract Providers and Administrators (Refs & Annos)
        Subchapter E. Disciplinary Action

V.T.C.A., Occupations Code § 1304.202

§ 1304.202. Injunctive Relief; Civil Penalty

Effective: September 1, 2003
Currentness

(a) The executive director may institute an action under Section 51.352 for injunctive relief to restrain a violation or a threatened violation of this chapter or an order issued or rule adopted under this chapter.

(b) In addition to the injunctive relief provided by Subsection (a), the executive director may institute an action for a civil penalty as provided by Section 51.352. The amount of a civil penalty assessed under this section may not exceed:

(1) $2,500 for each violation; or

(2) $50,000 in the aggregate for all violations of a similar nature.

**Credits**
Added by Acts 2001, 77th Leg., ch. 1421, § 3, eff. June 1, 2003. Amended by Acts 2003, 78th Leg., ch. 816, § 26.043, eff. Sept. 1, 2003.

**Editors' Notes**

**REVISOR'S NOTE**

**2012 Main Volume**

Section 14(c), V.A.C.S. Article 9034, as added by Chapter 1559, Acts of the 76th Legislature, Regular Session, 1999, refers to Section 18, Article 9100, Revised Statutes. Section 18, Article 9100, Revised Statutes, was codified in 1999 as Section 51.352 of this code. The revised law is drafted accordingly.

Notes of Decisions (1)

V. T. C. A., Occupations Code § 1304.202, TX OCC § 1304.202
Current through Chapters effective immediately through Chapter 2 of the 2015 Regular Session of the 84th Legislature

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Penal Code (Refs & Annos)
    Title 7. Offenses Against Property (Refs & Annos)
      Chapter 32. Fraud (Refs & Annos)
        Subchapter D. Other Deceptive Practices

V.T.C.A., Penal Code § 32.52

§ 32.52. Fraudulent, Substandard, or Fictitious Degree

Effective: September 1, 2005
Currentness

(a) In this section, "fraudulent or substandard degree" has the meaning assigned by Section 61.302, Education Code.

(b) A person commits an offense if the person:

  (1) uses or claims to hold a postsecondary degree that the person knows:

    (A) is a fraudulent or substandard degree;

    (B) is fictitious or has otherwise not been granted to the person; or

    (C) has been revoked; and

  (2) uses or claims to hold that degree:

    (A) in a written or oral advertisement or other promotion of a business; or

    (B) with the intent to:

      (i) obtain employment;

      (ii) obtain a license or certificate to practice a trade, profession, or occupation;

      (iii) obtain a promotion, a compensation or other benefit, or an increase in compensation or other benefit, in employment or in the practice of a trade, profession, or occupation;

      (iv) obtain admission to an educational program in this state; or

(v) gain a position in government with authority over another person, regardless of whether the actor receives compensation for the position.

(c) An offense under this section is a Class B misdemeanor.

(d) If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section or the other law.

**Credits**
Added by Acts 2005, 79th Leg., ch. 1039, § 8, eff. Sept. 1, 2005.

V. T. C. A., Penal Code § 32.52, TX PENAL § 32.52
Current through Chapters effective immediately through Chapter 2 of the 2015 Regular Session of the 84th Legislature

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.